UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21616-CIV-HUCK/DUBÉ

RICHARD F. MORLA,

     Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Petitions for Attorney Fees and Costs filed by the Plaintiff (D.E. #23, #27) and the Motion to Strike (D.E. #26) pursuant to an Order of Reference entered by the Honorable Paul C. Huck, United States District Judge. This Court has reviewed the motions, the response by the Government and the file in this cause.

On December 28, 2007, an Order was entered by Judge Huck adopting a Report and Recommendation by this Court and reversing and remanding this cause for further proceedings. (D.E. #22).

The present motion seeks an award of fees and costs pursuant to the Equal Access to Justice Act. The motion indicates that 43.3 hours were spent on this case, at the rate of $ 168.73 per hour, for a total fee recovery sought of $7,306.01. Costs of $46.42 and expenses of $7.00 are also being sought by the Plaintiff. The response by the Government raises no argument concerning the hourly rate but contends that the request for 43.3 hours of compensable time is excessive. In his reply, the Plaintiff is requesting an additional $754.92 for time expended to litigate the issue of attorney fees.

Initially, this Court finds that the hourly rate sought of $168.73 is supported and reasonable and thus, will be applied by the Court. The issue remaining is whether the total number of hours sought for the challenged tasks are in fact reasonable.

A fee applicant must exercise "billing judgment" and cut the amount of hours sought by excluding those that are "excessive, redundant or otherwise unnecessary." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). This Court has reviewed the motion and the affidavit of counsel and finds that the Defendant's concerns, at least in part, are well taken and that a reduction in the total time sought is necessary for proper "billing judgment."

The Defendant objects to the 31.8 hours sought for the research and writing of the Motion for Summary Judgment (as reflected in affidavit entries dated September 17, 2007 through September 27, 2007) as excessive. The Defendant points to an earlier order by this Court in Thompson v. Barnhart as supporting the requested reduction. However, the 31.85 hours sought in Thompson involved only the research and writing of the Motion for Summary Judgment, and in fact, the Plaintiff there sought an additional 12.5 hours for review of the administrative record. In the present case, the 31.8 hours sought includes both the writing of the brief and the review of the record. This Court finds that the request for 31.8 hours is reasonable, and thus, should be awarded.

The Defendant also challenges numerous short-duration charges for clerical or other tasks; 2 hours sought for reviewing the Defendant's 17-page Motion for Summary Judgment; and the 4 hours sought for drafting the request for attorney fees. The Court notes that a total of 3.4 hours were spent for clerical or other tasks which are not reasonable and should be reduced to .8 hours. The Court agrees that the 2 hours sought for the reviewing the Defendant's Motion for Summary Judgment is excessive and should be reduced to 1 hour.

Additionally, the Court agrees with the Plaintiff that the 4 hours sought for the preparation of the EAJA fee petition is in excess of what would be seen as reasonable and should be reduced to 2 hours. As previously stated, in his reply, the Defendant seeks an additional amount of $754.92 for time expended on litigating the issue of attorney's fees. However, this Court finds that the amount sought to draft a 4 page reply is excessive and recommends that this task be reduced to 1 hour ($168.73).

The Plaintiff also seeks recovery for the costs of duplication and postage ($46.42) and for the expense of parking ($7.00) in the total amount of $53.42. The Defendant has not raised any objections to these amounts. This Court finds that the costs of copying and postage are recoverable, but the amount sought for parking should not be reimbursed. Accordingly, it is recommended that the Plaintiff be awarded $46.42 as costs.

Based on the foregoing, the Court recommends as follows:

(1) The Plaintiff's Petition for Attorney Fees and Costs (D.E. #27) be **GRANTED in part** and that the Plaintiff should be entitled to recover for **39.7** hours of work performed in this case (**43.3** hours sought <u>minus</u> **4.6** hours <u>plus</u> **1** hour for the 4 page reply) at the rate of $168.73 per hour, resulting in a total recovery of **$6,698.58** as attorney fees. Additionally, the Plaintiff should be awarded costs in the amount of **$46.42**;

(2) The Plaintiff's Petition for Attorney Fees and Costs (D.E. #23) should be **DEEMED as MOOT**; and

(3) The Plaintiff's Motion to Strike (D.E. #26) should be **GRANTED**.

Pursuant to Local Magistrate Rule 4(b), the parties have ten (10) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Paul C.

Huck, United States District Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. <u>Loconte v. Dugger</u>, 847 F.2d 745 (11th Cir. 1988), <u>cert. denied</u>, 488 U.S. 958 (1988); <u>R.T.C. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND ORDERED** this \_\_9\_\_ day of September, 2008.

ROBERT L. DUBÉ
UNITED STATES MAGISTRATE JUDGE